UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE DORIAL JONES,

       Petitioner,

                                                  Civil Action 2:11-CV-14452

v.                                           HON. GEORGE CARAM STEEH

RAYMOND BOOKER,

       Respondent.

_____/

### OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Willie Dorial Jones, ("Petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for armed robbery and conspiracy to commit armed robbery. Respondent has filed a motion to dismiss the petition for want of prosecution pursuant to LR 41.2. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Ingham County Circuit Court. Petitioner originally filed a petition for writ of habeas corpus on October 11, 2011. On October 25, 2011, this Court granted petitioner's motion to stay the petition and administratively closed the case so that petitioner could return to the

state courts to exhaust an additional habeas claim that was not included in the original habeas petition.

On January 7, 2013, petitioner filed a motion to amend the habeas petition, in which he asked this Court to reopen his habeas petition to the Court's active docket and further moved for permission to file an amended habeas petition. On January 31, 2013, this Court granted petitioner's motion to reopen the proceedings and to file an amended habeas petition. The Court also directed petitioner to file his amended habeas petition with this Court within sixty days of the order. Respondent was given one hundred and twenty days following receipt of the amended petition to file an answer and the Rule 5 materials.

To date, petitioner has not filed an amended petition for writ of habeas corpus nor has he requested an extension of time to file an amended habeas petition.

Respondent has now filed a motion to dismiss the petition based on petitioner's failure to prosecute the case.

## II. Discussion

This Court may dismiss a civil action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v. Detroit Board of Education*, 261 F.3d 586, 589 (6th Cir. 2001). This Court, in its order reopening the petition for writ of habeas corpus, gave petitioner sixty days from January 31, 2013, the date of the order, to file an amended petition for writ of habeas corpus with this Court. Petitioner has failed to file an amended habeas petition within that time nor has he requested an extension of time to do so.

This Court will dismiss petitioner's habeas application for want of prosecution, because he failed to comply with this Court's order to submit his amended habeas petition within the time period for doing so. *See Smith v. Rowland,* 318 Fed. Appx. 464, 465 (9th Cir. 2008); *See also Cone v. Bell,* 956 F. Supp. 1401, 1408, n. 4 (W.D. Tenn. 1997)(dismissal of habeas petition under rule permitting dismissal for failure to prosecute would be appropriate in capital habeas case where petitioner has failed to meet court imposed deadline for filing petition after case is stayed upon petitioner's request for counsel); *Burch v. Trombley*, No. 2007 WL 1424207, * 1-2 (E.D. Mich. May 11, 2007)(habeas petition dismissed without prejudice for failure to prosecute when neither petitioner nor his counsel responded to order to show cause why petition should not be dismissed for failure to exhaust state court remedies). The Court will therefore dismiss the petition for writ of habeas corpus without prejudice. [1]

### III. Conclusion

The Court will summarily dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The district court must issue or deny a

---

[1] Although respondent has asked this Court to dismiss the petition with prejudice, a district court has the option of the less drastic sanction of dismissing a case without prejudice for want of prosecution under Fed.R.Civ.P. 41(b). See e.g. *White v. City of Grand Rapids*, 34 Fed. Appx. 210, 211 (6th Cir. 2002); *Hill v. General Motors Corp,* 897 F.2d 529 (Table); 1990 WL 25065, * 3, n. 2 (6th Cir. March 8, 1990). Because petitioner is acting *pro se*, the Court chooses to dismiss the petition without prejudice.

certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny the petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court erred in dismissing the petition for want of prosecution based on petitioner's failure to comply with the Court's order by filing the amended habeas petition in a timely manner. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **SUMMARILY DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

Dated: October 9, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 9, 2013, by electronic and/or ordinary mail and also on Willie Jones #248040, Macomb Correctional Facility 34625 26 Mile Road, New Haven, MI 48048.

s/Barbara Radke
Deputy Clerk